### WEBER *v.* DEMUTH *et al.*

#### (*City Court of New York, General Term.* January 31, 1889.)

SALE—MANUFACTURED GOODS—IMPLIED WARRANTY—COUNTER-CLAIM.

    Plaintiff made tiles for defendants under a contract that they were to be skillfully made, and of the best materials, and with knowledge that they were to be subjected to the greatest heat, and that great damage would result if they proved defective. The tiles, being unskillfully made, and of inferior materials, soon melted in defendants' furnace. *Held* that, the defects being latent, the implied warranty that the tiles were reasonably fit for the purpose for which they were made survived the acceptance, and constituted a good defense and counter-claim to an action for the price.[1]

Appeal from trial term.

Action by Adam Weber against Vincent Demuth and others for the price of certain fire-brick, manufactured by plaintiff for defendants. The defense was breach of warranty. Judgment was entered for plaintiff, and defendants appeal.

Argued before McADAM, C. J., and NEHRBAS, J.

*Foster, Hotaling & Klenke*, for appellants. *Douglass & Minton*, for respondent.

---

[1] That a purchaser of chattels with warranty, express or implied, may recover damages for breach thereof, or recoup such damages in an action for the price, without returning or offering to return the goods, see Shupe v. Collender, (Conn.) 15 Atl. Rep. 405, and note; Printing-Press Co. v. Thorp, 36 Fed. Rep. 414, and note; Storrs v. Emerson, (Iowa,) 34 N. W. Rep. 176, and note; Spedding v. Townsend, 2 N. Y. Supp. 657. See, as to the implied warranty that an article manufactured and sold for a particular purpose known to the seller shall be fit for that purpose, Hudson v. Roos, (Mich.) 40 N. W. Rep. 467, and note; Hoult v. Baldwin, (Cal.) 8 Pac. Rep. 440, and note; Reaper Co. v. Thayer, ante, 465, and note.

PER CURIAM. The plaintiff, as a manufacturer of tiles and fire-brick, undertook to furnish tiles and fire-brick that would withstand the heat of the furnaces used by the defendants as glass manufacturers, and the tiles and fire-brick were to be made skillfully, and of extra materials. The plaintiff knew at the time of accepting the order that the tiles were intended to be used in a place in the furnace where they would be subjected to the greatest heat, and where great damage would result if they proved deficient. The defendants, in reliance on the plaintiff's agreement, which was in the nature of a warranty that the tiles were suitable for the purpose intended, and knowing nothing to the contrary, put them up in the place for which they were made. After a short use the tiles melted under the heat, and destroyed the furnace, and eleven glass melting-pots contained therein, to the defendants' damage $2,000. The tiles furnished turned out to be unskillfully made, not of extra, but of poor, materials. These facts were pleaded by way of defense to a check given by the defendants to the plaintiff, and also by way of counter-claim. The trial judge held that the facts stated constituted neither a defense nor counter-claim and directed a verdict in favor of the plaintiff for the amount claimed. This was error. When a manufacturer agrees to make a thing for a particular purpose, there is an implied warranty that it shall be reasonably fit for that purpose. *Maurer* v. *Bliss*, 6 N. Y. St. Rep. 224. The defects were of a character not readily discoverable until after the tiles were used, for they were of a latent nature. The warranty, therefore, survived the acceptance of the goods. For the reasons stated the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.